David R. Jordan, Ariz. Bar No. 013891
*The Law Offices of David R. Jordan, P.C.*
1995 State Road 602
PO Box 840
Gallup, NM 87305-0840
(505) 863-2205
Fax: (866) 604-5709
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Monique Louis,** | )<br>) |
| Plaintiff, | )<br>) **No.** _____ |
| **vs.** | )<br>) |
| **Window Rock Unified School District,** | ) **COMPLAINT**<br>) |
| Defendant. | )<br>) |

Plaintiff alleges:

1. This action arises under the Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, et seq. This Court is vested with jurisdiction pursuant to Section 2000e-5(f)(3) of Title 42 of the United States Code.

2. Plaintiff was employed by in Window Rock, Arizona.

3. Plaintiff demands a jury trial.

4. Plaintiff was discriminated against with respect to her compensation, terms, conditions, or privileges of employment because of her sex. This conduct violated 42 USC § 2000e-2(a)(1). She was also discriminated against for opposing unlawful

1

employment practices, making charges, testifying, assisting or participating in enforcement proceedings. This conduct violated 42 USC § 2000e-3(a).

5. Plaintiff was an employee with the Defendant in Window Rock, Arizona.

6. On or about October 2010, she was hired by Defendant. While employed with Defendant, she had a consensual relationship with the School Board President Scott Tomlinson. That relationship ended.

7. After the relationship ended, on January 23, 2018, Plaintiff received a text message from Tomlinson reading "I just a pic of you and Ken Cooper kissing, wow just resign."

8. Plaintiff understood this text to suggest that if she was "kissing" anyone other than Tomlinson, she would be pressured to resign.

9. She complained to her supervisor Ken Cooper the Director of Human Resources, the same person referenced in the text, and she provided him with a copy of the text.

10. Immediately thereafter, she was selected for a grant position.

11. She received additional text messages from him. The text messages were lewd and suggested that a continued relationship with Tomlinson was a condition of employment. The texts included such statements as: "I love you,…This feeling just keeps popping up…"; "Never leave me…I will never ever be mad at you"; "You're using me for job reasons. My dumb ass was thinking love." "You only used me"; "I love you, no matter what…My heart, what I feel for you will never…"; "I am done being ignored";

2

"Ok…well…I love you… My boys love you…"; "I still don't know if you pass gas when you sleep."; "I am going to think sexy thoughts of before I go to sleep"; "I love you always will" (which was repeated two minutes later); "Good to know you are on a date…I left your things outside"; "So admit, since last November you only came toe when you had issues at work, and you lied to me me and ignored me because you are dating the fabria".

12. In response to these texts, Plaintiff said things like: "Just stop"; "You know what, I'm done. I'm not arguing with you."; "Goodbye"; "Goodbye. I'm done. Don't contact me anymore."; "I did tell you not to contact me. I'm tired of you"; "I don't know why you keep saying that. You need to stop. I'll give you your things, don't worry about it."; "I'm so done. Again, don't contact me."

13. Plaintiff felt pressured by the constant texts from the Chairman of the School Board. She reasonably believed that her job was in jeopardy if she did not resume the relationship with Tomlinson.

14. Plaintiff also suffered reprisal after she filed a complaint opposing the unlawful sexual harassment.

15. In addition to her full-time employment she was granted a part- time position as the Federal Projects Coordinators (part time afternoons on non-payroll weeks) with a start date of February 2, 2018.

16. She was provided no contract, and she was not paid for her work in the position.

3

17. She was not afforded any guidance or training for the new position.

18. She asked and inquired about the position to no avail.

19. On February 26, 2018, she offered her resignation for the part-time position.

20. On February 16, 2018, Plaintiff received a letter regarding the investigations to her allegations of sexual harassment by Tomlinson. The letter just informed her that the text messages were inappropriate. No action was taken.

21. Plaintiff's supervisor was changed to Defendant's Superintendent Lynnette Mickalski.

22. On February 20, 2018, the Superintendent reassigned her, and Plaintiff was told she would be moving offices. Mickalski provided no reason as to why she was moving.

23. When Plaintiff started working in the Grants position, she was told that she would receive a dual monitor computer and a new chair. All employees in the department got a new chair. Plaintiff received one that was nasty and dirty, covered with dog or cat hair.

24. She also had to clean her work area because of the filth. When she offered her resignation, she was informed she would be a part-time employee the next year.

25. As of July 5, 2018, her position was eliminated and combined with the grant position. There were additional Human Resources responsibilities without an increase in pay. She had two full time positions combined into one with other duties.

4

26. Although the Defendant "investigated" the sexual harassment, no real action was taken and she was the victim of reprisal.

27. On July 17, 2018, Plaintiff filed a formal Complaint of Discrimination, alleging violations of Title VII.

28. 180 days passed from the day that Plaintiff filed this complaint. The EEOC did not issue a decision and no appeal was filed. Plaintiff appropriately brought this claim in federal court.

29. The violation of Title VII as described in this case caused Plaintiff to suffer damages, including lost wages, attorneys' fees, physical suffering and severe emotional harm.

30. Plaintiff demands recovery of all damages described herein, plus court costs and such other relief as the court deems appropriate.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Damages in an amount to be determined by the Court;

B. Court costs and attorneys' fees; and

C. Such other relief as the Court deems just and proper.

DATED this 10th day of July, 2020.

*The Law Offices of David R. Jordan, P.C.*

*/s/ David R. Jordan*
David R. Jordan
1995 State Road 602
PO Box 840
Gallup, New Mexico 87305
Attorney for Plaintiff